

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 12, 2008

<div style="float:right; border:1px solid;">
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-12-08
</div>

**By Facsimile and Hand Delivery**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 414
New York, New York 10007
Fax: (212) 805-6382

    Re:   United States v. Erik W. Nicholson
           S1 05 Cr. 746 (VM)
           08 Civ. 1932 (VM)

Dear Judge Marrero:

    The Government respectfully submits this letter in response to the motion of defendant Erik Nicholson for relief pursuant to 28 U.S.C. § 2255. The motion should be denied for the following reasons.

    1.   **The Motion Is Waived.** In his plea agreement, Nicholson specifically waived his right to bring a claim pursuant to 18 U.S.C. § 2255. The agreement provides that "It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241." (Agmt. 4). Moreover, Nicholson specifically allocuted that he understood this waiver during his plea proceeding.

    2.   **Nicholson Does Not Allege Or Show Prejudice.** The allegations Nicholson raises are so vague and non-specific as to be incapable of detailed response. In any event, nowhere in his papers does Nicholson allege, never mind establish, that he was in any way prejudiced by counsel's performance. To the contrary, as this Court has noted, Nicholson's counsel did a remarkable job in negotiating a plea to significantly less serious charge of transmitting in interstate commerce a communication threatening to injure the reputation of another, in violation of Title 18,

Hon. Victor Marrero
May 12, 2008
Page 2

United States Code, Section 875(d), (which carries a maximum sentence of two years) - as opposed to the originally-charged extortion, pursuant to 18 U.S.C. § 1951, which carries a twenty-year maximum. Further, counsel obtained for Nicholson a sentence of 15 months, which was 9 months below the bottom of the stipulated Guidelines range. That sentence was particularly favorable in light of Nicholson's failure to appear and fugitive status during the time after his plea but before sentencing.

   3.   **This Court Already has Fully Explored Nicholson's Ineffective Assistance Claims.** Nicholson raised a similar ineffective assistance claim in advance of sentencing, in an effort to withdraw his guilty plea. This Court, in turn, appointed a separate CJA counsel, Lawrence Schoenbach, Esq., who conducted an independent investigation and produced a detailed report for this Court. That report, dated March 30, 2007, concluded that nothing in prior counsel's performance constituted a basis for withdrawal of the plea based on Nicholson's purportedly ineffective assistance of counsel. Nicholson offers nothing new here, factually or legally, to support a contrary conclusion.

   4.   **Nicholson's Claims Regarding Threats By The Government.** Nicholson declares without any detail or support that he pled guilty because "the Assistant U.S. Attorney used economic and moral coercion and threatened outrageous sentences and inflated charges to gain leverage for a plea bargain to a much lesser charge knowing I was innocent!" (Motion at 5). Without more detail or support, it is simply impossible to respond to Nicholson's claims. The Government has never spoken directly with Nicholson, and never made any threats of the nature Nicholson seems to allege, or any threats of any nature, in this case.

   5.   **Nicholson's Claim Of Failure To File A Notice of Appeal.** Nicholson claims that he instructed his counsel at Federal Defenders to file a notice of appeal of this Court's denial of his motion to withdraw his guilty plea. I have spoken with John Byrnes, Esq., of Federal Defenders, who has stated that his Office has a different view of the relevant facts than those set forth in Nicholson's Motion. Pursuant to Federal Defenders'

Hon. Victor Marrero
May 12, 2008
Page 2

policy, they will submit a factual affidavit if and when so instructed by this Court.

For these reasons, Nicholson's motion for relief pursuant to 28 U.S.C. § 2255 should be denied.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Elie Honig
Assistant U.S. Attorney
(212) 637-2474

cc: John Byrnes, Esq.
Fax: (212) 571-0392

Erik Nicholson
Prisoner # 53113-054
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

> The Court directs counsel for defendant Erik Nicholson during his plea allocution and sentencing to file by 5-30-08 a factual affidavit regarding to defendant's assertion of failure to file a notice of appeal.
>
> SO ORDERED:
> 5-12-08
> DATE    VICTOR MARRERO, U.S.D.J.

TOTAL P.004