USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ERIK W. NICHOLSON,                   :
                                     :
                    Petitioner,      :    08 Civ. 1932(VM)
                                     :
          - against -                :
                                     :    **DECISION AND ORDER**
UNITED STATES OF AMERICA,            :
                                     :
                    Respondent.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Petitioner Erik W. Nicholson ("Nicholson") brought this action pursuant to 28 U.S.C. § 2255 ("§ 2255") (the "Petition") seeking to vacate, set aside or correct his sentence. Nicholson contends that he was denied effective assistance of counsel and of his right to a trial, in violation of the Sixth Amendment of the United States Constitution. The Government opposes the Petition. For the reasons stated below, the Petition is DENIED.

## I.  BACKGROUND

Nicholson was originally charged with extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, which carries a maximum sentence of 20 years of incarceration. He was represented by attorneys from the Federal Defenders Office, initially John J. Byrnes ("Byrnes") and, upon the filing of a superseding Information, Christopher Flood ("Flood"). Pursuant to a plea agreement with the Government(the "Plea Agreement"), Nicholson pled guilty before this Court on July

6, 2006 to one count of an Information charging him with transmitting a communication threatening to injure the reputation of another person, in violation of 18 U.S.C. § 875(d). On February 28, 2007, by letter from Flood to the Court, Nicholson sought to withdraw his guilty plea. To obtain an independent review of whether sufficient ground existed to warrant Nicholson's request, the Court appointed Lawrence H. Schoenbach ("Schoenbach"), as separate counsel, and directed Schoenbach to advise Nicholson and the Court on the matter. Schoenbach concluded that Nicholson had entered a guilty plea knowingly and voluntarily. (See Letter from Lawrence H. Schoenbach to Honorable Victor Marrero, dated March 15, 2007 ("Schoenbach Letter"), at 9, United States v. Nicholson, No. 05 Cr. 0746 (S.D.N.Y. 2005) (Docket No. 21)). Nicholson failed to appear for sentencing on May 10, 2007 and was on fugitive status prior to sentencing on May 29, 2007. Nonetheless, he was sentenced to a term of imprisonment of 15 months, which was nine months below the 24-month bottom of the stipulated range under the Sentencing Guidelines.

In the Petition, Nicholson asserts a claim of ineffective assistance of counsel. In essence, he alleges that his constitutional rights were violated because his guilty plea was unlawfully induced by the Government's use of coercion and threats despite his claim of innocense, and because he was

-2-

deprived of a trial by the Court's denial of his request to withdraw his guilty plea.  He also makes a new claim of denial of effective assistance of counsel alleging that Flood failed to carry out Nicholson's instruction to file an appeal of the Court's decision rejecting his attempt to withdraw his guilty plea.

## II.  **DISCUSSION**

A.  WAIVER OF APPEAL

The Government points out that in the Plea Agreement, Nicholson specifically stated that he understood and waived his right to file a direct appeal or litigate under § 2255 any sentence within or below the stipulated Sentencing Guidelines range.

The Court construes a plea agreement in accordance with general principles of contract law.  See United States v. Palladino, 347 F.3d 29, 32 (2d Cir. 2003).  Under the Plea Agreement, Nicholson waived his right to bring a § 2255 action.  In return, he avoided prosecution on a charge of extortion.  If convicted of extortion, Nicholson would have faced a maximum of 20 years of incarceration.  Nicholson thus reaped the benefit of his plea bargain.  The waiver provision in Nicholson's Plea Agreement is unambiguous; the Government, too, is entitled to the benefit of its bargain.  See INS v. St. Cyr, 533 U.S. 289, 321-22 (2001) ("Plea agreements involve

a quid pro quo between a criminal defendant and the government.") (citation omitted) (italics in original).

It is well settled that a criminal defendant's waiver of his right to appeal a sentence that is within or below the stipulated Sentencing Guidelines range in a plea agreement is generally enforceable. See, e.g., United States v. Johnson, 347 F.3d 412, 414 (2d Cir. 2003); United States v. Chen, 127 F.3d 286, 289 (2d Cir. 1997). Such a waiver creates a rebuttable presumption of enforceability that a defendant can overcome by showing that: (1) the waiver was not knowing, voluntary, and competent; (2) the sentence imposed was based on impermissible factors, such as race or other biases; (3) the Government breached the plea agreement; or (4) the sentencing court failed to enunciate a rationale for the sentence. See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (citations omitted). Nicholson does not mention the waiver provision in his Petition, much less attempt to explain why the waiver should not be enforced -- except perhaps with unexplained, conclusory allegations that somehow he was "coerc[ed]" and "threatened" by the Government. (Petition at ¶ 12B.)

With regard to whether Nicholson's waiver of his right to challenge his sentence was knowing and voluntary, the Second Circuit has explained that a defendant may not attempt to

-4-

exercise his right to challenge a sentence that is within the range in a plea agreement after knowingly and voluntarily waiving such a right and after securing the benefits of the plea agreement from the Government.  See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).  To do so "would render the plea bargaining process and the resulting agreement meaningless." Id.

The Court finds that Nicholson's waiver of his right to challenge his sentence by means of a § 2255 petition was made knowingly and voluntarily.  The record is devoid of any suggestion to the contrary, nor does Nicholson allege that his waiver was not competent.  With regard to the other grounds for not enforcing the waiver provision, there is nothing in the record to suggest that Nicholson's sentence was imposed based on impermissible biases or that the Government breached the Plea Agreement, and Nicholson has not alleged otherwise in the Petition.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

The Court finds that Nicholson's attack on the performance of his counsel is nothing more than a thinly-veiled endeavor to circumvent the waiver of his right to challenge his sentence.  The Court thoroughly considered and rejected Nicholson's claim that he had reason to withdraw his plea.  This review included the independent report and advice

-5-

provided by Schoenbach.  A claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence.  See United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (rejecting the defendant's ineffective assistance of counsel claim because it amounted to a challenge of the sentence that was waived in the plea agreement).  Having reviewed Nicholson's renewed claim of counsel's ineffective representation in connection with his plea and other pre-sentencing proceedings, the Court is not persuaded that Nicholson has met his burden of satisfying the rigorous standards that Strickland v. Washington, 466 U.S. 668 (1984), demands to establish a valid claim in this regard.

Nicholson's Petition levels bare, conclusory charges that the Government's attorney "used economic and moral coercion" to force Nicholson to plead guilty to a lesser charge "knowing [that Nicholson] was innocent." (Petition at ¶ 12B.)  These unsubstantiated allegations contradict Nicholson's own declarations under oath during his plea allocution, in which he explicitly stated that his plea was entered knowingly and voluntarily, that no one had threatened, coerced or induced him to plead guilty or to enter into the Plea Agreement, and that he was satisfied with his counsel and the representation counsel had provided him.  Nicholson's claims also conflict

with representations made by Schoenbach in his written report.
In his letter to the Court, Schoenbach stated that "[n]o
allegation is made against the prosecutor or [Nicholson's]
defense counsel that either of them threatened or coerced the
defendant to persuade the defendant to plead guilty." (Letter
from Lawrence H. Schoenbach to Honorable Victor Marrero, dated
March 15, 2007, at 3, United States v. Nicholson, No. 05 Cr.
0746 (S.D.N.Y. 2005) (Docket No. 21)). Nicholson's Petition
contains nothing that alters this Court's determination
denying his attempt to withdraw his guilty plea, or the
Court's implicit assessment of counsel's performance on
Nicholson's behalf. Specifically, Nicholson has failed to
demonstrate grounds warranting a finding of "errors so serious
that counsel was not functioning as the 'counsel' guaranteed
the defendant by the Sixth Amendment." Strickland, 466 U.S.
at 687. Nor does the Court find any showing in Nicholson's
renewed challenge which demonstrates a reasonable probability
that the errors of counsel he alleges would alter the result
of the proceeding. See id. at 691.

Rather, under the totality of the circumstances
prevailing in this case, the Court finds that Nicholson's
counsel exercised the skills and diligence that a reasonably
competent attorney would provide under similar circumstances.
See Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 300

-7-

(S.D.N.Y. 2004) (citing Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996)).  In particular, counsel succeeded in obtaining the Government's agreement to drop the far more serious charge of extortion, as to which the record contained strong substantiating evidence against Nicholson, in exchange for Nicholson's knowing and voluntary plea to a lesser charge carrying a significantly reduced sentencing range.

C.  COUNSEL'S FAILURE TO FILE AN APPEAL

Nicholson also claims that Flood provided ineffective assistance by failing to file a notice of appeal of the Court's ruling denying the withdrawal of Nicholson's guilty plea.  "Where a defendant waives his right to appeal his sentence under the terms of a plea agreement and nonetheless instructs his attorney to file a notice of appeal, counsel's failure to do so when it forfeits the proceeding is presumed to be prejudicial."  Paulino v. United States, 476 F. Supp. 2d 395, 396 (S.D.N.Y. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000)); Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006).  In Campusano the Second Circuit instructed that when a defendant claims that his attorney disregarded a request to file a notice of appeal, the district court must conduct a hearing to determine whether the defendant in fact requested the appeal.  See 442 F.3d at 776. The Circuit Court further elaborated that under the

-8-

"relatively simple fact-finding" proceedings required, the district court "has discretion to determine if a testimonial hearing will be conducted." Id. (citing Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001)). Thus, the "hearing" called for "'does not imply that a movant must always be allowed to appear in a district court for a full hearing.'" Id. (quoting Chang, 250 F.3d at 85); see also Paulino, 496 F. Supp. 2d at 396 (citing cases).

Here, the Court established a briefing schedule for the parties to address Nicholson's Petition. The Government filed a timely response dated May 12, 2008. Byrnes and Flood submitted Attorney's Affirmations dated July 9, 2008, and July 14, 2008, respectively. Flood states that Nicholson did not ask him to file a notice of appeal at the time of sentencing and, in accordance with his office practice, Nicholson's closing file includes a notation indicating "no appeal," and that the file would not have been so marked if the client had requested the submission of a notice of appeal. (See Attorney's Affirmation of Flood, dated July 14, 2008, at 2.) Nicholson was given until by July 14, 2008 to reply and failed to do so. Having reviewed the Petition and related documents of record, as well as the Government's response and the attorney's affirmations submitted by Byrnes and Flood, the Court concludes that any further evidentiary hearing in this

-9-

action would "add little or nothing to the written submissions." Chang, 250 F.3d at 86.

The Court considers at the outset that Nicholson's assertions that he directed his attorney to file an appeal are contained in his unsworn Petition, whereas Flood denies these allegation in his sworn affirmation, and that Nicholson failed to reply to the Government's response. The Court also notes that although Nicholson's sentencing occurred on May 29, 2007 and judgment thereon entered on May 31, 2007, his Petition was not filed with the Court until January 31, 2008. If he had contemplated filing a notice of appeal, it would have been due 10 days after entry of judgment. Nicholson makes no mention of what efforts, if any, he made during the intervening eight months to ascertain whether in fact a notice had been filed, or to inquire about the status of any appeal. Flood's Affirmation denies that Nicholson made such a request and says nothing about receiving any inquiry from Nicholson concerning the matter. It would be reasonable to infer that in regards to a matter of such great import governed by such a short deadline, a person who has instructed counsel to file an appeal would, at minimum, want to know whether the request was carried out and make some reasonably prompt effort to obtain information about its status. By the same token, to wait eight months to complain for the first time -- in a § 2255

-10-

petition -- that counsel had failed to file a notice of appeal, is more consistent with a fair inference that no request for such appeal was ever communicated to counsel.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition of Erik W. Nicholson ("Nicholson") (Docket No. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

As Nicholson has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253.


**SO ORDERED.**

Dated:    New York, New York
          18 July 2008


_____
VICTOR MARRERO
U.S.D.J.

-11-