# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

July 31, 2008

Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 660
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-08

Re:   **United States v. Erik W. Nicholson**
      **S1 05 Cr. 766-01 (VM)**
      **08 Civ. 1932 (VM)**

Dear Judge Marrero:

I enclose original attorney's affirmation of Christopher Flood dated July 14, 2008. On July 15, 2008, I furnished the court an unsigned copy of e-mail of the same document. I note that the Court has filed a decision and order on this case on July 18, 2008.

Respectfully submitted,

John Byrnes, Esq.
Attorney-In-Charge
Tel. (212) 417-8735

JLB/wt
Encl.

---

The Clerk of Court is directed to file this document in the record of docket number 08 Civ. 1932.

SO ORDERED:

7-31-08
DATE

VICTOR MARRERO, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **ATTORNEY'S AFFIRMATION** |
| | : | **05 Cr. 746 (VM)** |
| v | | **08 CIV.1932 (VM)** |
| | : | |
| ERIK W. NICHOLSON, | | |
| Defendant. | : | |

----------------------------------X

I, CHRISTOPHER A. FLOOD, hereby affirm under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I was formerly employed as a staff attorney at the Federal Defenders of New York, Inc. In the course of this employment, I was assigned to represent ERIK W. NICHOLSON in the above-captioned matter.

2. I represented Mr. Nicholson throughout negotiations, at the guilty plea allocution and at the sentencing hearing.

3. I currently reside and practice in New Orleans, Louisiana, and was made aware of the court's request for this affidavit on July 9, 2008. I have not had an opportunity to review Mr. Nicholson's file, which is in New York.

4. Mr. Nicholson entered a plea of guilty based on a plea agreement that included a waiver of his rights to a direct appeal or to litigate under Title 28 United States Code, Section 2255 and/or Section 2241.

5. During the course of plea negotiations, I went over with Mr. Nicholson each paragraph of the plea agreement in his case. I explained to Mr. Nicholson the fact that the plea agreement contained a waiver of appellate rights.

6.  Mr. Nicholson did not ask me to file a notice of appeal at the time of sentence.

7.  I have spoken today with Mr. John Byrnes of the Federal Defenders of New York, Inc., who has had an opportunity to review Mr. Nicholson's file. According to Mr. Byrnes, the file includes a notation of "no appeal."

8.  It was not my practice to notate files at closing "no appeal" if a client had asked me to file a notice of appeal. Indeed, had Mr. Nicholson asked me to file a notice of appeal, I would have accordingly marked the file.

Dated:  New Orleans, Louisiana

       July 14, 2008

**CHRISTOPHER A. FLOOD, ESQ.**